**The STATE of Ohio, Appellee,**

**v.**

**HOLLINGSWORTH, Appellant.**

[Cite as *State v. Hollingsworth* (2001), 143 Ohio App.3d 562.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77901.

Decided May 21, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, *Richard J. Bombik* and *Terese Tiburzio,* Assistant County Prosecuting Attorneys, for appellee.

*John P. Parker,* for appellant.

---

KARPINSKI, Administrative Judge.

Defendant-appellant Paul Hollingsworth appeals from his sentence for his guilty plea conviction for the aggravated murder of his wife, with accompanying specifications.

Defendant was indicted on six charges, including three counts of aggravated murder for which he faced the death penalty. Defendant was charged in one count with purposely causing, with prior calculation and design, the death of the victim. He was also charged in two other counts with purposely causing her death while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, aggravated burglary, and kidnapping, respectively. Each count had two accompanying felony murder specifications and a firearm specification. R.C. 2941.14 and 2941.145. Defendant was also separately charged with the underlying offenses of aggravated burglary, aggravated robbery, and kidnapping. Each of these counts had an accompanying firearm specification. R.C. 2941.145.

After counsel was appointed from the public defender's office, defendant entered a plea of not guilty to the charges. Following extensive pretrial preparations, defendant appeared in open court with counsel on the day scheduled for trial. Defendant voluntarily waived his right to a jury trial and agreed to enter a plea bargain before a three-judge panel. Before accepting the jury waiver, the presiding judge explained that defendant's waiver of a jury trial gave up his right for the jury to decide his guilt and what penalty should be imposed if

found guilty. The presiding judge explained that the three-judge panel would decide these matters.

After the trial court accepted the jury waiver, the prosecutor outlined the terms of the plea bargain. As part of the bargain, defendant agreed to withdraw his plea of not guilty to the charges and plead guilty to one of the six original charges. Specifically, he was to plead guilty to count three, the charge of aggravated murder by purposely causing the death of the victim while defendant committed or attempted to commit, or while he fled immediately after he committed or attempted to commit, kidnapping, with specifications. The remaining five charges, with accompanying specifications, were dismissed pursuant to the plea bargain.

The prosecutor explained the four potential penalties for aggravated murder with such specifications: (1) death; (2) life imprisonment without parole; (3) life imprisonment with parole eligibility after serving thirty full years of imprisonment; or (4) life imprisonment with parole eligibility after serving twenty-five full years of imprisonment. R.C. 2929.03(D). The parties agreed, however, that the three-judge panel would not impose either the maximum or minimum penalty. For purposes of the plea, the prosecution agreed that the death penalty could not be imposed because the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt. Defendant agreed, in return, that the three-judge panel could not impose the minimum penalty of life imprisonment with parole eligibility after serving twenty-five full years of imprisonment.

The parties agreed that the matter would proceed to a mitigation hearing, after which the three-judge panel would decide whether to impose a sentence of either life imprisonment without parole, or life imprisonment with parole eligibility after serving thirty full years of imprisonment. Finally, the prosecutor stated that it was permitted to recite the facts of the case as part of the plea bargain. Defendant and his counsel agreed that the prosecutor's statement of the proposed plea bargain was correct.

The trial court thereafter conducted a guilty plea hearing in compliance with Crim.R. 11(C). The presiding judge read the count three aggravated murder charge and specifications to defendant, explained the effect of his plea, discussed the two possible remaining sentences, and stated that the three-judge panel would determine the sentence to be imposed. The trial court also fully explained the rights defendant was waiving by entering his guilty plea. In response to each statement by the presiding judge, defendant asserted that he understood. Defendant thereafter pleaded guilty separately to the aggravated murder charge and to each of the three accompanying specifications.

The prosecution thereafter recited the facts of the case. Approximately three weeks before the incident, the victim separated from defendant. She and their

five-year-old son began residing with her mother. She was contemplating a divorce. Defendant appeared, unarmed, at his mother-in-law's residence at approximately 6:30 a.m. on April 2, 1999. When his mother-in-law stated that the victim was preparing to go to work at the Cleveland Police Department warrant unit and that it was not a good time, defendant left.

The victim drove away but returned because she had forgotten something. Defendant, who was lurking around the house, was armed with a .45 caliber handgun and forced his way into the house when the victim arrived. For thirty minutes defendant held the victim and his mother-in-law at gunpoint. As they were trying to persuade him to leave peacefully, the victim got up to move her car so defendant could leave in his vehicle. Defendant fired four shots into the victim, in two separate series of two shots each.

Each judge on the three-judge panel found the evidence sufficient to support the aggravated murder charge and specifications, found that defendant's guilty pleas were made voluntarily, and found him guilty of aggravated murder with the specifications.

The matter was thereafter scheduled for a sentencing hearing. Three days before the hearing, defendant filed a document captioned "sentencing memorandum and mitigatory factors." This filing argued that the sentence of life without eligibility for parole for aggravated murder was not frequently imposed. It cited six cases when life without parole was imposed which allegedly involved worse facts than the case at bar.

At the sentencing hearing before the three-judge panel, the prosecutor presented statements from two of the victim's relatives, introduced two exhibits, and made a statement for two other relatives. A police report and municipal court docket sheet recited the circumstances of defendant's conviction two years earlier for domestic violence against the victim. Defendant beat the victim and confined her in a closet. The victim's aunt spoke about the effect of the homicide on the victim's five-year-old son. The prosecutor requested the court impose a sentence of life imprisonment without parole.

Defense counsel made a statement and presented statements from five of defendant's relatives and friends. Defendant was thirty-one years of age and the seventh of eight children in his family. Three of his siblings had already died. He met the victim in high school, and the two had a son in 1993 and married in 1997 after the domestic violence incident. Defendant had various medical conditions and abused alcohol. A reverend stated that defendant studied the Bible with him after his brother died. Defendant stated that knowing the victim was with another man caused him to lose his mind. Defense counsel closed by asserting that this case was a crime of passion and referred to his sentencing memorandum, which indicated that only six of fifty-seven persons convicted of

aggravated murder in Cuyahoga County since 1996 were sentenced to imprisonment for life without parole.

The three-judge panel found that the aggravating circumstances did not outweigh the mitigating factors and sentenced defendant to three years' imprisonment for the firearm specification followed by life imprisonment without eligibility for parole.

Defendant, through newly appointed counsel, appeals raising the following sole assignment of error:

"The appellant's sentence is contrary to Ohio law and violates R.C. 2929.11 and 2929.12."

This assignment lacks merit.

Defendant argues that the three-judge panel did not consider the Senate Bill 2 "purposes of felony sentencing" or the "seriousness and recidivism factors" before imposing its sentence for aggravated murder. Defendant argues that these general felony sentencing requirements apply to sentencing for aggravated murder and that the three-judge panel acted contrary to them by imposing a disproportionate sentence against defendant in the case at bar. We are unpersuaded.

For sentencing in aggravated murder and murder cases, the Revised Code establishes a special statutory scheme which is different from that used when sentencing for felonies classified as lesser degree offenses. R.C. Chapter 2929 governs penalties and sentencing; Sections 2929.02 to 2929.06 provide penalties for murder, whereas Sections 2929.11 through 2929.20 govern penalties for felonies of the first through fifth degree.[1]

Defendant was convicted of aggravated murder in violation of R.C. 2903.01(B) in the case at bar. Subsection (F) of R.C. 2903.01 provides as follows:

"Whoever violates this section is guilty of aggravated murder, and shall be punished as provided in section 2929.02 of the Revised Code."

R.C. 2929.02 governs penalties for murder and provides in pertinent part as follows:

"(A) Whoever is convicted of or pleads guilty to aggravated murder in violation of section 2903.01 of the Revised Code shall suffer death or be imprisoned for life,

---

1. Felony offenses range in a hierarchy from aggravated murder, to murder, to felonies of the first through fifth degree. Sentencing for aggravated murder and murder are set forth in the statutes defining the substantive offense and are governed by R.C. 2929.02(A) and (B), respectively. The Senate Bill 2 general felony sentencing statutes apply to lesser offenses classified as first through fifth degree felonies. See R.C. 2929.14(A).

as determined pursuant to sections 2929.022, 2929.03, and 2929.04 of the Revised Code * * *."

R.C. 2929.022(B) provides that if one or more aggravating circumstances are found by a three-judge panel beyond a reasonable doubt, the panel shall impose a sentence under R.C. 2929.03 and 2929.04. R.C. 2929.04 contains seven aggravating circumstances and a nonexclusive list of seven mitigating factors to be considered when imposing punishment. R.C. 2929.03 governs sentencing after weighing these criteria.

R.C. 2929.03(D)(3)(a) provides that, if the aggravating circumstance(s) outweigh the mitigating factors, the court shall impose a death sentence. If the aggravating circumstance(s) do not outweigh the mitigating factors, however, and the offender is not convicted of sexual motivation and sexually violent predator specifications, the court shall impose one of the following mandatory life sentences: (i) life imprisonment without parole, (ii) life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or (iii) life imprisonment with parole eligibility after serving thirty full years of imprisonment.

The parties agreed as part of the plea bargain that the aggravating circumstances did not outweigh the mitigating factors and that the maximum penalty of death would not be imposed. They also agreed that the minimum penalty (life imprisonment with parole eligibility after serving twenty-five full years of imprisonment) would not be imposed. R.C. 2929.03 contains no further guidance concerning which of the remaining two mandatory life sentences to impose. The length of the sentences is not different; the only difference is parole eligibility.

■ Defendant argues that the three-judge panel was also required to apply the general felony sentencing statutes when it sentenced him for aggravated murder. His argument is premised on the claim that aggravated murder is classified as a felony. R.C. 2901.02(C). The argument overlooks the fact that aggravated murder is governed by a special statutory scheme, carries a mandatory punishment, is not classified by degree of felony, and is expressly exempted from the Senate Bill 2 sentencing requirements applicable to felonies of lesser degrees.

The Senate Bill 2 sentencing statutes expressly exclude aggravated murder and murder convictions from the scope of their provisions. For example, R.C. 2929.12(A), applies to sentencing in felony cases generally, and provides as follows:

"(A) *Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the*

most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." (Emphasis added.)

*R.C. 2929.13(F)(1) establishes a mandatory prison term for aggravated murder* when the death penalty is not imposed. It provides:

"[T]he court shall impose a prison term or terms under sections 2929.02 to 2929.06 * * * for any of the following offenses:

"(1) Aggravated murder when death is not imposed * * *."

R.C. 2929.13 provides guidance by degree of felony and recognizes that it does not apply to aggravated murder and murder convictions, which are not classified by degree of felony, as follows:

"(A) Except as provided in division * * * (F) * * * and unless a specific sanction is required to be imposed * * * pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions that are provided in sections 2929.14 to 2929.18 of the Revised Code."

By its own terms, R.C. 2929.13 does not apply to aggravated murder and murder because division (F) exempts these crimes from its scope and the statutes governing these offenses mandate imposing a specific sanction. R.C. 2929.13(F) provides as follows:

"Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06 * * * and * * * shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses * * *.

"(1) Aggravated murder when death is not imposed or murder * * *."

R.C. 2929.14 likewise exempts aggravated murder and murder from its guidance for basic prison terms for offenses classified as first through fifth degree felonies. R.C. 2929.14 provides as follows:

"(A) Except as provided in division * * * (D)(3) * * * and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed * * * the court shall impose a definite prison term [within a range specified for each degree of felony]."

Aggravated murder and murder are excluded from the scope of this provision because these offenses fall under R.C. 2929.14(D)(3)(a) and because a sentence of life imprisonment is to be imposed.

The remaining provisions for alternatives to imprisonment, namely, community control sanctions under R.C. 2929.15, residential sanctions under R.C. 2929.16, and nonresidential sanctions under R.C. 2929.17, likewise expressly exclude

offenses for which mandatory prison sentences are required, such as aggravated murder and murder.

Finally, R.C. 2953.08, which was adopted as part of Senate Bill 2 and governs the review of felony sentences imposed pursuant to its provisions, likewise excludes aggravated murder and murder sentences from its scope. R.C. 2953.08(D) provides as follows:

"A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."

The General Assembly's practice of treating sentencing for aggravated murder and murder convictions differently from other felonies is longstanding. Before the 1996 Senate Bill 2 felony sentencing amendments, the courts likewise held that the general felony sentencing requirements did not apply in aggravated murder cases. *E.g., State v. Richards* (Dec. 15, 1997), Clermont App. No. CA97–06–059, unreported, 1997 WL 779084. Defendant has shown nothing to indicate that the General Assembly intended to change this well-established sentencing practice and the comprehensive sentencing scheme in aggravated murder and murder cases.

Defendant's main argument is that the trial court did not adequately weigh his lack of significant prior criminal history or impose a sentence proportional to that imposed in other cases. Regardless of whether the general felony sentencing statutes applied or not, however, these same factors are considered as mitigating factors under the statutory scheme for imposing sentence in aggravated murder cases. Defendant has not shown that the three-judge panel failed to consider them.

■ Defendant essentially argues that this was a "crime of passion" or domestic violence "taken to extreme." However, the three-judge panel could properly conclude otherwise. The record shows that this homicide was not committed under the influence of sudden passion as required to constitute voluntary manslaughter. Defendant was originally unarmed, then obtained a loaded firearm that he had brought with him, forced his way into a house to confront the victim, kidnapped the victim and her mother for an extended period of time, and finally shot the victim repeatedly in the front and back. Defendant admitted that he purposely caused the victim's death during the course of an aggravated burglary and kidnapping. Under the circumstances, he has shown no error in his sentencing.

*Judgment affirmed.*

JAMES D. SWEENEY and ANNE L. KILBANE, JJ., concur.