THE STATE OF OHIO, APPELLANT, *v.* PORTERFIELD, APPELLEE.

[Cite as *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095.]

(Nos. 2004–0417 and 2004–0510—Submitted January 19, 2005—Decided July 6, 2005.)

O'CONNOR, J.

{¶ 1} Eric Porterfield appeals from a sentence of 53 years to life pursuant to a plea agreement in which he pleaded guilty to two counts each of aggravated murder and kidnapping and one count each of attempted aggravated murder, aggravated burglary, and aggravated robbery. All counts included a firearm specification.

{¶ 2} In his plea agreement, Porterfield stipulated that (1) he had served a prior prison term, (2) he had committed the worst forms of the offenses to which

he was pleading guilty, (3) the harm he had inflicted was so great or unusual that a single term of imprisonment would not adequately reflect the seriousness of his conduct, (4) consecutive sentences were necessary to protect the public and punish Porterfield, and (5) consecutive sentences would not be disproportionate to his conduct or to the danger he poses. Pursuant to the stipulations, the trial judge sentenced Porterfield to maximum consecutive sentences for the aggravated murders and to maximum concurrent sentences for the remaining charges. Specifically, Porterfield was sentenced to 20 years to life on each of the aggravated-murder charges, with those sentences to be served consecutively to each other, and to a ten-year sentence on each of the remaining counts. The ten-year sentences were to be consecutive to the life sentences but concurrent with one another. The gun specifications merged into a single three-year sentence.

{¶ 3} The court of appeals affirmed Porterfield's conviction but vacated the sentence on the grounds that the trial court had failed to follow R.C. 2929.14(E)(4) and 2929.19(B)(2) as we interpreted them in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. R.C. 2929.14(E)(4) and 2929.19(B)(2) require the trial court to make certain findings before imposing consecutive sentences. *Comer* requires the trial court to deliver these findings at the sentencing hearing. The appellate court then granted a motion to certify a conflict, finding its judgment to be in conflict with the judgment of the Tenth District Court of Appeals in *State v. Owens* (Sept. 18, 2001), 10th Dist. No. 00AP–859, 2001 WL 1084167.

{¶ 4} In case No. 2004–0510, 102 Ohio St.3d 1444, 2004-Ohio-2263, 808 N.E.2d 396, this court determined that a conflict exists over the following issue:

{¶ 5} "Whether the language of R.C. 2953.08(D) prohibits appellate review of a trial court's sentence when the defendant is convicted of aggravated murder and sentenced pursuant to a jointly-recommended sentence."

{¶ 6} This court also granted jurisdiction pursuant to the acceptance of a discretionary appeal (case No. 2004–0417, 102 Ohio St.3d 1420, 2004-Ohio-2003, 807 N.E.2d 366) and consolidated the two appeals.

{¶ 7} The state argues that R.C. 2953.08(D) precludes appellate review of aggravated-murder sentences and sentences jointly recommended by the state and the defendant. The state also argues that even if appellate review were appropriate, *Comer*'s holding that a court must state at the hearing its findings supporting the imposition of consecutive sentences does not apply when the defendant stipulates to the necessary findings. We agree with this last argument, and we reverse the judgment of the court of appeals.

{¶ 8} We begin by addressing the state's argument that pursuant to R.C. 2953.08(D), the imposition of consecutive sentences is not subject to review in a murder case.

{¶ 9} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under *this section*." (Emphasis added.) R.C. 2953.08(D).

{¶ 10} The appellate court reasoned that "it is unclear whether the second sentence's reference to 'this section' is referring specifically to R.C. 2953.08(D) or R.C. 2953.08 as a whole" and declared the statute ambiguous.

{¶ 11} In recent years, Ohio courts have devoted many pages to discussions of whether contracts, ballot initiatives, statutes, or even constitutional provisions are ambiguous. See, e.g., *State v. Haven*, 9th Dist. No. 02CA0069, 2004-Ohio-2512, 2004 WL 1103957; *Ponser v. St. Paul Fire & Marine Ins. Co.*, 5th Dist. No. 2002CA00072, 2003-Ohio-4377, 2003 WL 21962548; *State ex rel. Grammas v. Batavia Twp. Bd. of Trustees* (Apr. 22, 1996), 12th Dist. No. CA95–10–069, 1996 WL 189034. However, no clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous. Some courts have reasoned that when multiple readings are possible, the provision is ambiguous. See *Integrity Technical Serv. v. Holland Mgt.*, 9th Dist. No. 02CA0009–M, 2002-Ohio-5258, 2002 WL 31175271, at ¶ 18; *Baker v. Economy Fire & Cas. Co.* (Nov. 18, 1985), 12th Dist. No. CA85–05–048, 1985 WL 3688; *Roy v. State Farm Mut. Auto. Ins. Co.* (1982), 8 Ohio App.3d 368, 370, 8 OBR 481, 457 N.E.2d 344. The problem with this approach is that it results in courts' reading ambiguities into provisions, which creates confusion and uncertainty. When confronted with allegations of ambiguity, a court is to objectively and thoroughly examine the writing to attempt to ascertain its meaning. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256 at ¶ 11. Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling.

{¶ 12} A case in point: When read in isolation, the court of appeals' conclusion that "this section" might mean R.C. 2953.08(D) appears reasonable. However, reading the sentence in isolation is inappropriate. Parsing individual words is useful only within a context. The Revised Code, like any document, is designed to be understood as a whole. "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.

{¶ 13} R.C. 2953.08(D) refers to R.C. 2929.02 through 2929.06 as "sections." This use of "sections" indicates that "section" identifies a decimal-numbered statute as a whole rather than a lettered paragraph contained therein.

{¶ 14} Both sentences of R.C. 2953.08(D) declare that certain prison sentences are not subject to review "under this section." One should expect "section" to have the same meaning in both sentences. R.C. 2953.08(D) itself does not provide for the review of any prison sentence, and therefore the appellate court's reading of the statute is called into question.

{¶ 15} Other examples support this view. R.C. 2953.08(A) begins, "In addition to any other right to appeal and except as provided in *division* (D) of this *section* * * *." (Emphasis added.) The statute uses "section" when referring to the decimal-numbered statutes of the code such as R.C. 2953.08 and "division" when referring to a capital-lettered paragraph of a section.

{¶ 16} Although the Revised Code does not expressly define the terms "section," "division," or "subdivision," an examination of any part of the Revised Code will reveal consistent usage. R.C. 1.23 is the most telling. "Wherever in a penalty section reference is made to a violation of a series of sections, or of divisions or subdivisions of a section, such reference shall be construed to mean a violation of any section, division, or subdivision included in such reference." R.C. 1.23(A). The use of "title," "chapter," "section," "division," and "subdivision" is uniform throughout the Revised Code. As used in the Ohio Revised Code, the word "section" unambiguously refers to a decimal-numbered statute only.

{¶ 17} R.C. 2953.08(D) is unambiguous. "A sentence imposed for aggravated murder or murder pursuant to section 2929.02 to 2929.06 of the Revised Code is not subject to review under this section" clearly means what it says: such a sentence cannot be reviewed.

{¶ 18} The state and amicus curiae, Ohio Prosecuting Attorneys Association, rely upon *State v. Hollingsworth* (2001), 143 Ohio App.3d 562, 758 N.E.2d 713, to argue that review of the sentence in this case is precluded. We agree with the *Hollingsworth* conclusion that a sentence imposed for aggravated murder is not subject to review by a court of appeals. However, other attempts to analogize *Hollingsworth* are unavailing because, while Hollingsworth pleaded guilty to one count of aggravated murder with a firearm specification, Porterfield pleaded guilty to multiple counts of murder and additional felonies. *Hollingsworth* did not address and cannot instruct our analysis of the imposition of consecutive sentences because Hollingsworth was not convicted of multiple crimes.

{¶ 19} While R.C. 2953.08(D) clearly precludes review of individual murder sentences imposed pursuant to R.C. 2929.02 to 2929.06, none of these sections authorize consecutive sentences. Amicus curiae argues that an order that multiple sentences be served consecutively is not a sentence within the meaning of R.C. 2929.14(E). We reject this argument. When consecutive sentences are imposed, they are imposed under R.C. 2929.14(E)(4), which provides:

{¶ 20} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 21} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 22} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 23} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 24} R.C. 2929.14 is a sentencing statute. R.C. 2929.14(E)(4) sets forth the circumstances that must exist before consecutive sentences can be imposed. When consecutive life sentences are imposed pursuant to R.C. 2929.14(E)(4), review of the consecutive nature of the sentences is not precluded under R.C. 2953.08(D).

{¶ 25} However, the court of appeals overturned Porterfield's sentence based upon the trial court's failure to comply with *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. *Comer* held that a trial court must articulate both "findings" for imposing consecutive sentences and "reasons" for those findings.[1] Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review.

---

1. Three dissenters, of which I was one, wrote that R.C. 2929.19(B)(2) uses "reasons" to modify and describe the term "findings" and not as an additional requirement. See *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 39 (Grady, J., dissenting).

*Comer* cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence. Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

{¶ 26} Porterfield was sentenced pursuant to a jointly recommended sentence that was authorized by law. Therefore, his sentence is not subject to review.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

———————

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellant.

Mentzer, Vuillemin & Mygrant, Ltd., and Erik M. Jones, for appellee.

William F. Schenck, Green County Prosecuting Attorney, Julia R. Bates, Lucas County Prosecuting Attorney, and Eric A. Baum, Assistant Lucas County Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.