DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, John R. Heard, appeals from the sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant pled guilty to the following crimes: two counts of felonious assault, second degree felonies, violations of R.C. 2903.11; nine counts of endangering children, second and third degree felonies, violations of R.C. 2919.22(A), R.C. 2919.22(B)(1) and R.C. 2919.22(B)(2); and one count of rape, a first degree felony, a violation of R.C. 2907.02(A)(1)(b).
 {¶ 3} Based upon an agreed sentence and pursuant to R.C. 2907.02(B), Appellant was sentenced to life in prison on the rape conviction with parole eligibility after ten years. For the remaining counts, Appellant was sentenced to the maximum term of incarceration, ranging from eight years to six months. Each sentence imposed was to run concurrently with Appellant's life sentence. Appellant timely appealed from his sentences, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT PREJUDICIALLY ERRED BY IMPOSING MAXIMUM TERMS OF IMPRISONMENT UPON APPELLANT FOR THE SECOND AND THIRD DEGREE FELONIES CHARGED IN THE INDICTMENT WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS UNDER R.C. 2929.14(C) ON THE RECORD AT THE SENTENCING HEARING."
 {¶ 4} In his sole assignment of error, Appellant argues that the trial court failed to make the required statutory findings before imposing maximum sentences. Specifically, Appellant urges that State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, requires the trial court to announce those findings at the sentencing hearing. We find that Appellant's assignment of error lacks merit.
 {¶ 5} Appellant agreed to the life sentence imposed by the trial court. R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
"Comer cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence. Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and Comer was not required." State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25
 {¶ 6} Appellant, however, urges that he did not agree to the sentences imposed for the remainder of his crimes. Appellant's sentence arose from multiple counts arising out of the same incident. R.C. 2929.19(B)(2)(e), therefore, is applicable and provides as follows:
"The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of [R.C. 2929.14], its reasons for imposing the maximum prison term."
 {¶ 7} In the instant matter, the trial court imposed the maximum prison term, a life sentence, for the offense of the highest degree, rape. As noted above, Appellant's agreement to this sentence alleviates the necessity of the trial court to comply with R.C. 2929.19. By its plain language, R.C. 2929.19(B)(2)(e) does not require that findings be made for sentences other than for the maximum sentence imposed for the offense of the highest degree. As the maximum sentence imposed on Appellant for the offense of the highest degree was properly imposed, we find Appellant's assertions regarding the sentences imposed on his lesser degree felonies to be without merit. Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Carr, J. concur.