OPINION {¶ 1} Defendant-appellant, Robert Owen Hawkins, Jr., appeals a decision of the Fayette County Court of Common Pleas after pleading guilty to sexual battery and gross sexual imposition. For the reasons below, we affirm.
 {¶ 2} On June 11, 2004, appellant was indicted on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony, and one count of rape in violation of R.C.2907.02(A) (1 )(b), a first-degree felony. After initially entering a plea of not guilty, appellant entered into a plea agreement with the prosecutor on May 12, 2005. Pursuant to this agreement, appellant pled guilty to three counts of gross sexual imposition, and the rape count was amended to a charge of sexual battery in violation of R.C.2907.03(A)(5), a third-degree felony. The parties also agreed to a five-year prison sentence.
 {¶ 3} Following a hearing, the trial court sentenced appellant to a one-year term for each of the three counts of gross sexual imposition and a two-year term for the sexual battery count, all to run consecutively for an aggregate term of five years. The court also adjudicated appellant a sexual predator. Appellant timely appealed, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "WHETHER MORE THAN THE MINIMUM SENTENCE CAN BE ORDERED IF MR. HAWKINS SUBJECTIVELY DID NOT UNDERSTAND THE SENTENCING CONSEQUENSES [sic]."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "WHETHER APPELLANT ENTERED INTO HIS PLEA AGREEMENT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY."
 {¶ 8} We shall address appellant's first and second assignments of error together, as they involve overlapping issues. In his brief, appellant states that he "was informed of the effects of the guilty plea but did not understand the effect of the guilty plea." (Emphasis in original.) Appellant claims that he believed he would receive the minimum prison sentence upon entering a guilty plea. Appellant insists he did not understand that the sentencing court had discretion to make findings which could increase the sentence from the minimum.
 {¶ 9} At the outset, we observe that a sentence is not reviewable where it is authorized by law, recommended jointly by defense and prosecution, and imposed by a sentencing judge. R.C. 2953.08(D)(1). See, also, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 24; State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. This court has previously held that a sentence is "authorized by law" under R.C.2953.08(D) as long as the prison term imposed is not greater than the maximum term prescribed by statute for the offense. See, e.g., State v.Ruggles (Sept. 11, 2000), Clinton App. No. CA99-09-027, at 13; State v.Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, at 4. See, also, State v. Bristow (1999), Crawford App. No. 3-98-21, 1999 WL 84868, at *3. Appellant's sentences do not exceed the maximum allowable terms, and are thus "authorized by law" for purposes of this analysis.[1]
 {¶ 10} As the Ohio Supreme Court observed, in enacting R.C. 2953.08(D) "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Porterfield, 2005-Ohio-3095 at ¶ 25. The record indicates that appellant agreed to a five-year sentence as part of the plea agreement. During the May 12 hearing, the court expressed the likelihood that it would accept the agreement and impose the negotiated sentence. Furthermore, appellant and his attorney signed a document captioned "Entry of Waiver and Plea on Indictment" at the hearing. This document contained the charges to which appellant was pleading guilty as well as the maximum penalties. The document also contained an entry signed by the trial court, specifically finding the following:
 {¶ 11} "The Court finds that the defendant understands any plea negotiations entered into between the Prosecutor and his attorney, the details of which are set forth on the record, and the defendant did approve the same before offering his signature hereto. The Court finds that the defendant understands the waiver of his constitutional rights, the nature of the offense, the maximum penalty that may be imposed, that he is eligible to be placed on a continuum of local sanctions but may be sentenced to a penal institution. The Court further finds the defendant understood the effect of his plea and that said plea was made voluntarily, and that there is a factual basis for said plea. Therefore, the Court accepts the plea and orders the same filed. A finding of guilty is entered."
 {¶ 12} Finally, appellant's agreed-upon sentence was indeed imposed by the sentencing court. Because all three prongs of R.C. 2953.08(D) were met, appellant's sentence is not reviewable by this court.
 {¶ 13} We also note that the trial court conducted a full Crim.R. 11 colloquy with appellant before accepting his guilty plea. Appellant's assertions of ignorance regarding the consequences of his guilty plea are dubious and without merit. Appellant expressed no confusion regarding his guilty plea or the consequences thereof at any stage of the proceedings. The trial court did not err in accepting appellant's guilty plea.
 {¶ 14} Appellant's first and second assignments of error are overruled.
 {¶ 15} Assignment of Error No. 3:
 {¶ 16} "WHETHER THE SENTENCING COURT IMPROPERLY USED APPELLANT'S GUILTY PLEA TO REACH CONCLUSIONS DURING SENTENCING."
 {¶ 17} Appellant appears to argue that his guilty plea did not encompass the findings made by the sentencing court. However, as stated, appellant entered a guilty plea which included a negotiated sentence. Pursuant to the aforementioned authorities, appellant's sentence is not reviewable by this court. See R.C. 2953.08(D); Mathis, 2006-Ohio-855 at ¶ 24; Porterfield, 2005-Ohio-3095 at ¶ 25. Appellant's third assignment of error is overruled.
 {¶ 18} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Sexual battery, a third degree felony, carries a maximum penalty of five years in prison. See R.C. 2929.14(A)(3). Gross sexual imposition, also a third-degree felony, carries the same maximum penalty. See id.