[Cite as *State v. Williard*, 2011-Ohio-193.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 10CA002 |
|  | : |  |
|  | : |  |
| JONATHAN WILLIARD | : | O P I N I O N |
| Defendant-Appellant |  |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Holmes County Court of Common Pleas Case No. 09-CR-086 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 19, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

E. CHRISTOPHER OEHL
Holmes County Prosecutor
164 East Jackson Street
Millersburg, Ohio 44654

DOUGLAS A. MILHOAN
P.O. Box 347
Middlebranch, Ohio 44652

*Edwards, P.J.*

{¶1} Defendant-appellant, Jonathan Williard, appeals his sentence from the Holmes County Court of Common Pleas on two counts of telecommunications harassment and one count of violation of a protection order. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 12, 2009, a Bill of Information was filed alleging that appellant had committed two counts of telecommunications harassment in violation of R.C. 2917.21(B), misdemeanors of the first degree, and one count of violation of a protection order in violation of R.C. 2919.27(A)(2), also a misdemeanor of the first degree. On November 17, 2009, appellant entered a plea of guilty to the Bill of Information and was sentenced, pursuant to a joint sentencing agreement, to serve 180 days in jail on each charge, to be served consecutively for a total sentence of 540 days in jail. As memorialized in a Judgment Entry filed on the same day, appellant's sentence was suspended upon condition that appellant successfully complete one year of Intensive Supervision and three years of basic supervision by the Adult Probation Department.

{¶3} On November 30, 2009, a Motion to Revoke appellant's community control was filed. At an adjudicatory hearing on December 17, 2009, appellant entered a plea of admission to such motion. A dispositional hearing was scheduled for January 26, 2010. Pursuant to a Journal Entry filed on January 27, 2010, appellant was sentenced to serve his previously ordered jail sentence of 540 days. Appellant was given credit for 59 days of time served, leaving a remaining jail sentence of 481 days.

{¶4}    Appellant now raises the following assignment of error on appeal:

{¶5}    "THE IMPOSITION OF A JAIL SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON LOCAL RESOURCES."

I

{¶6}    Appellant, in his sole assignment of error, argues that the imposition of a jail sentence on him imposes an unnecessary burden on local resources.

{¶7}    As an initial matter, we note that appellant was not sentenced for his violations, but rather for his underlying offenses.  Appellant originally was sentenced to 540 days in jail after pleading guilty to telecommunications harassment and violating a protection order.  He was placed on community control and his sentence was suspended.  After he was found guilty of violating his community control, appellant's sentence was imposed.  Appellant has failed to provide this Court with a transcript of his original sentencing hearing.  Without the transcript, this Court cannot say whether, based on the facts of the underlying offenses, appellant's sentence was excessive. There is no rendition of the underlying facts in the case file.

{¶8}    Moreover, because appellant agreed to the sentence that was imposed upon him at the original sentencing hearing, the sentencing judge did not need to justify the sentence.  See, for example, *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690.

{¶9}    Finally, appellant argues that his sentence is an unnecessary burden because he has accepted responsibility for his actions by pleading guilty to the underlying charges and the probation violation and notes that this was his first probation violation.  Appellant, after a Motion to Revoke his Community Control was filed, entered

an admission to having consumed alcohol on one occasion. Appellant further emphasizes that the probation violation involved consuming alcohol in his own home and did not involve any attempt to contact or stalk the victim in the underlying case.

{¶10} The transcript from the January 26, 2010, hearing reveals that while appellant was on community control, the Sheriff's Department responded to a disturbance at his residence. Appellant was arrested for domestic violence. At the time of his arrest, appellant was so intoxicated that he had to stay in restraints in a holding cell due to his combative nature. As a result, no breath testing was able to be conducted. Appellant's Probation Officer testified at the hearing before the trial court that the situation created a risk to appellant and to others as well.

{¶11} Based on the foregoing, we find that appellant has not demonstrated that imposition of a jail sentence imposed an unnecessary burden on local resources.

**{¶12}** Appellant's sole assignment of error is, therefore, overruled.

**{¶13}** Accordingly, the judgment of the Holmes County Court of Common Pleas is affirmed.


By: Edwards, P.J.

Gwin, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1001

[Cite as *State v. Williard*, 2011-Ohio-193.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JONATHAN WILLIARD | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA002 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES