[Cite as *State v. Flora*, 2020-Ohio-3363.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MARC ANTHONY FLORA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0063**

---

**Criminal** Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 891

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

**JUDGMENT:**
Dismissed.

*Atty. Paul Gains*, Prosecutor, *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Rhys Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
June 8, 2020

**Donofrio, J.**

{¶1}   Defendant-appellant, Marc Flora, appeals from a Mahoning County Common Pleas Court judgment sentencing him to life in prison with parole eligibility after 30 years on his aggravated murder conviction, following his guilty plea.

{¶2}   A Mahoning County Grand Jury indicted appellant on aggravated murder, an unspecified felony in violation of R.C. 2903.01(A)(F); aggravated murder, an unspecified felony in violation of R.C. 2903.01(C)(F); and murder, an unspecified felony in violation of R.C. 2903.02(A)(D).   These charges arose from allegations that appellant stabbed his one-year-old daughter to death.   Appellant initially entered pleas of not guilty and not guilty by reason of insanity.

{¶3}   Appellant faced potential sentences of three terms of life in prison, without the possibility of parole.   After negotiations with plaintiff-appellee, the State of Ohio, appellant entered into a plea agreement.   Per the terms of the agreement, appellant changed his plea to guilty to the second aggravated murder count.   In exchange, the state dismissed the other aggravated murder count and the murder count.   The state would also recommend a sentence of life in prison with parole eligibility after 30 years.

{¶4}   The trial court conducted a thorough change of plea hearing before accepting appellant's plea.   During the hearing, the court explained to appellant that he faced the penalty of life in prison with either parole eligibility after 20 years, parole eligibility after 25 years, parole eligibility after 30 years, or no possibility of parole.   (Tr. 13-14).   On the parties' agreement, the trial court proceeded directly to sentencing.

{¶5}   The court heard argument in mitigation from appellant's counsel, heard from the victim's uncle, and considered a victim-impact statement from the victim's mother.   The court then sentenced appellant to life imprisonment with parole eligibility after 30 years.

{¶6}   Appellant filed a timely notice of appeal on May 31, 2019.   He now raises a single assignment of error for our review.

{¶7}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM
SENTENCE ON MARK [sic.] FLORA.

{¶8} Appellant argues a trial court cannot impose a maximum sentence based on the belief that the defendant is guilty of a greater offense. He asserts that in this case, the trial court demonstrated a bias against him because the court believed he should have been indicted on capital charges.

{¶9} In support of his argument, appellant cites to the trial court's comment: "And personally, frankly, life without parole is too nice for you. You should be indicted for a capital offense and prosecuted for a capital offense. Why you weren't defies explanation." (Tr. 29). Appellant asserts the trial court gave no other reason for sentencing him to the maximum sentence of life in prison. He claims the court should have given more support for his sentence.

{¶10} Pursuant to R.C. 2929.03(A)(1), a sentencing court shall impose one of four options when sentencing an offender for aggravated murder: life imprisonment without parole, life imprisonment with parole eligibility after 20 years, life imprisonment with parole eligibility after 25 years, or life imprisonment with parole eligibility after 30 years. In this case, appellant did not receive the maximum sentence as he claims. The maximum sentence is life imprisonment without parole and appellant was sentenced to life imprisonment with parole eligibility after 30 years.

{¶11} According to R.C. 2953.08(D)(3), a sentence imposed for aggravated murder or murder pursuant to R.C. 2929.02 to 2929.06 is not subject to review.

{¶12} In examining this statute recently, this court cited to the Ohio Supreme Court's comment in *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690. *State v. Austin*, 7th Dist. Mahoning No. 16 MA 0068, 2019-Ohio-1185, ¶ 66, appeal not allowed, 156 Ohio St.3d 1447, 2019-Ohio-2498, 125 N.E.3d 917. We noted that the Ohio Supreme Court has recognized that R.C. 2953.08(D)(3) is unambiguous. *Id.* "The Court opined that the statute, 'clearly means what it says: such a sentence cannot be reviewed.'" *Id.* at ¶ 66, quoting *Porterfield* at ¶ 17.

{¶13} The First District has pointed out that "[o]ne justice of the United States Supreme Court has found R.C. 2953.08(D)(3)'s prohibition on appellate review to be 'deeply concerning[.]'" *State v. Smith*, 1st Dist. Hamilton No. C-180227, 2020-Ohio-649,

¶ 40, quoting *Campbell v. United States*, ___ U.S. ___, 138 S.Ct. 1059, 1059, 200 L.Ed.2d 502 (2018) (Sotomayor, J., respecting denial of certiorari). Nonetheless, the court held it was bound by the dictates of the statute and, therefore review of the appellant's 33-years-to-life sentence was precluded. *Id.*

{¶14} As set above, the Ohio Supreme Court has made clear that sentences for aggravated murder and murder are not reviewable. *Porterfield,* supra, at ¶ 17. Thus, this court cannot undertake a review of appellant's aggravated murder sentence.

{¶15} For the reasons stated above, this appeal is dismissed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

———————————————

For reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio is dismissed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**