[Cite as *Schupp v. Ohio Dept. of Ins.*, 2021-Ohio-4440.]

| | |
|---|---|
| JASON M. SCHUPP | Case No. 2021-00199PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF INSURANCE | |
| Respondent | |

{¶1} Respondent Ohio Department of Insurance (ODI) objects to a Special Master's Report and Recommendation in this public-records case. The Court sustains, in part, ODH's objections for reasons set forth below, but adopts the overall Recommendation made by the Special Master.

## I. Background

{¶2} On April 14, 2021, Requester Jason M. Schupp brought a complaint against ODI, alleging that he had been denied access to public records in violation of R.C. 149.43(B). Schupp asserted in the complaint:

> I filed a request on March 26, 2021 asking for "licensing or authorization documentation with regard to Ohio domiciled captive insurance companies on file with the Ohio Department of Insurance." The Department denied the request citing the confidentiality provisions of Sec. 3964.03(H). However, this statute only applies to document submitted by the licensee. The confidentiality provisions of Sec. 3964.03(H) do not apply to the document representing the license issued by the Department. The requestor pointed this out the misreading of the statute to the Commissioner with no response.

(Complaint.) In an exhibit attached to the complaint, Schupp informed ODI, "I am looking for a list of the names and ideally addresses of the captives licensed by the Department."

{¶3} The Clerk of this Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. ODI filed a combined response and motion to dismiss in which ODI sought dismissal of Schupp's complaint.

{¶4} On October 4, 2021, the Special Master issued a Report and Recommendation (R&R). The Special Master noted in the R&R that, on June 7, 2021, ODI provided Schupp with copies of six captive licenses issued to captive insurance companies, with the company names redacted. (R&R, 1-2). The Special Master has recommended denying ODI's motion to dismiss. (R&R, 3.) The Special Master concluded in the R&R: "Upon consideration of the pleadings, affidavit, and attachments, the special master recommends the court order respondent to disclose copies of the six Captive Licenses with the business names of the licensees unredacted. It is recommended that costs be assessed to respondent." (R&R, 12.)

{¶5} On October 18, 2021, ODI filed written objections to the Special Master's R&R. In a certificate of service accompanying the objections, ODI's counsel certified that a copy of the objections was directed to be sent to all parties "via the court's e-filing system, and also emailed to the Requestor." On October 18, 2021, ODI also filed a Notice of Service in which ODI's counsel certified that a copy of the objections was served on Schupp "via certified mail."

{¶6} On October 21, 2021, proceeding as a self-represented litigant, Schupp filed a response to ODI's written objections. In a certificate of service accompanying the response, Schupp certifies that he served a copy of his response to ODI's counsel by means of certified mail and email.

## II. Law and Analysis

{¶7} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. ODI contends that the Special Master incorrectly interpreted, and incorrectly applied, R.C. 3964.03(H) and 3964.08.  Schupp disputes ODI's contentions.**

{¶8} In the R&R, the Special Master stated, "The question of when an entity is a CIC [captive insurance company] for purposes of R.C. 3964.03(H) is arguably made ambiguous by other language in the statute."  (R&R, 5.)  The Special Master found "that a corporation is not 'a captive insurance company' within the meaning of R.C. 3964.03(H) until it is licensed to operate as such."  (R&R, 6.)  The Special Master reasoned, "ODI thus fails to meet its burden to prove that the business names on the Captive Licenses fall squarely under R.C. 3964.03(H)."  (R&R, 6.)  And the Special Master "conclude[d] that ODI has not met its burden to prove that the claimed exemptions prohibit disclosure of CIC business names in the Captive Licenses authorizing their operation in this state."  (R&R, 12.)

{¶9} ODI asks the Court to reject the Special Master's conclusions and issue a ruling in its favor.  (Objections, 7.)  ODI maintains that the Report and Recommendation "incorrectly holds that the confidentiality provisions in R.C. 3964.03(H) and R.C. 3964.08 do not apply, despite plain language to the contrary."  (Objections, 1.)

{¶10} In response, Schupp contends, "We need not worry whether the Report and Recommendation reads in the word 'licensed' or the ODI reads in the word 'applicant'. The Legislature conveniently defined the term 'captive insurance company' in R.C. 3964.01 (B) as 'any insurer that insures only the risks of its parent or affiliated companies of its parent.' So, a captive insurance company is an 'insurer' that actually insures something - a state of being that requires a license."   (Footnote omitted.) (Response, 2.)

{¶11} ODI's objections, and Schupp's response, raise issues of statutory interpretation.   Statutory interpretation presents a question of law for a court's determination.  *See City of Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 18.  The Ohio Supreme Court has stated, "The necessity of considering the facts or the evidence to determine whether a legislative act applies to a particular case does not turn the issue of statutory interpretation into a question of fact."  *City of Independence* at ¶ 18, citing *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 148, 735 N.E.2d 433 (2000).  Regarding statutory interpretation, the Ohio Supreme Court has held,

> The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it. And where its provisions are ambiguous, and its meaning doubtful, the history of legislation on the subject, and the consequences of a literal interpretation of the language may be considered; punctuation may be changed or disregarded; words transposed, or those necessary to a clear understanding and, as shown by the context manifestly intended, inserted.
>
> *But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making*

*body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.*

(Emphasis added.)  *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraphs one and two of the syllabus.  *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11 ("[w]hen confronted with allegations of ambiguity, a court is to objectively and thoroughly examine the writing to attempt to ascertain its meaning. * * * Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling").  *See also Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 22 (Ohio Supreme Court precedent "requires courts to read a statute as a whole and to not dissociate words and phrases from that context"); *Gabbard* at ¶ 13 (when statutory language is unambiguous, a court is required to apply it without resorting to rules of statutory interpretation or considerations of public policy; a court's review "'starts and stops' with the unambiguous statutory language").

### A.  R.C. 3964.03(H) concerns the organization and applications for licensure of captive insurance companies.

{¶12} R.C. Chapter 3964 concerns captive insurance companies.  As used in R.C. Chapter 3964, a "captive insurance company" "means any insurer that insures only the risks of its parent or affiliated companies of its parent. 'Captive insurance company' includes any protected cell captive insurance company formed or licensed under the provisions of this chapter."  R.C. 3964.01(B).

{¶13} R.C. 3964.03(H) governs the organization and applications for licensure of captive insurance companies.  R.C. 3964.03(H) provides:

*Except as otherwise provided in this division, documents and information submitted by a captive insurance company pursuant to this section are not subject to section 149.43 of the Revised Code, and are*

*confidential, and may not be disclosed by the superintendent or any employee of the department of insurance without the written consent of the company.*

(1) Such documents and information may be discoverable in a civil action in which the captive insurance company filing the material is a party upon a finding by a court of competent jurisdiction that the information sought is relevant and necessary to the case and the information sought is unavailable from other, nonconfidential sources.

(2) The superintendent may, at the superintendent's sole discretion, share documents required under this section with the chief deputy rehabilitator, the chief deputy liquidator, other deputy rehabilitators and liquidators, and any other person employed by, or acting on behalf of the superintendent pursuant to Chapter 3901. or 3903. of the Revised Code, with other local, state, federal, and international regulatory and law enforcement agencies, with local, state, and federal prosecutors, and with the national association of insurance commissioners and its affiliates and subsidiaries provided that the recipient agrees to maintain the confidential or privileged status of the documents and has authority to do so.

(Emphasis added.)

{¶14} When R.C. 3964.03(H) is read as a whole, R.C. 3964.03(H) is not ambiguous.  Under R.C. 3964.03(H), except as otherwise provided in division (H), "documents and information submitted by a captive insurance company" pursuant to R.C. 3964.03 "are not subject to [R.C. 149.43], and are confidential, and may not be disclosed by the superintendent or any employee of the department of insurance without the written consent of the company."  Thus, R.C. 3964.03(H) does not apply to documents and information that are <u>not</u> submitted by a captive insurance company. Moreover, under the plain language of R.C. 3964.03(H), a captive insurance company does not need to be licensed for the provisions contained in R.C. 3964.03(H) to apply.

*See* R.C. 3964.01(B) (defining "captive insurance company," as used in R.C. Chapter 3964).

{¶15} Accordingly, in this instance, under R.C. 3964.03(H) documents which are the subject of Schupp's request and which are <u>not</u> submitted by a captive insurance company are clearly subject to R.C. 149.43; such documents are not confidential; and therefore such documents may be disclosed by the superintendent or any employee of ODI without the written consent of the captive insurance company.

{¶16} Notably, in the R&R, the Special Master states, "It is not apparent from the record that information and documents submitted by CICs are the sole source of their business names." (R&R, 11.) This Court agrees. Thus, in view of the Special Master's finding, ODI has not sustained its burden to show that R.C. 3964.03(H) prohibits disclosure, because ODI has failed to demonstrate that the requested records—the name of the company and its business address—fall squarely within R.C. 3964.03(H)'s exemption for disclosure. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 35 ("[i]f the public office or person responsible for public records refuses to release the requested record on the basis of a statutory exemption, its 'burden of production' in the R.C. 2743.75 proceeding is to plead and prove facts establishing that the requested record falls squarely within the exemption").

**B. R.C. 3964.08 pertains to the concerns examination, evaluation, and monitoring of captive insurance companies.**

{¶17} R.C. 3964.08 concerns examination, evaluation, and monitoring of captive insurance companies. R.C. 3964.08 provides:

> (A) Captive insurance companies shall be examined, evaluated, and monitored pursuant to section 3901.07 of the Revised Code.

> (B) All examination reports, preliminary examination reports or results, working papers, recorded information, documents and copies thereof produced by, obtained by, or disclosed to the superintendent or

any other person in the course of an examination made under this section are confidential and are not subject to subpoena and may not be made public by the superintendent or an employee or agent of the superintendent without the written consent of the company, except to the extent provided in this section. However, nothing in this section shall prevent the superintendent from using such information in the furtherance of the superintendent's regulatory authority under this chapter.

(C) The superintendent may, in the superintendent's sole discretion, share documents that are the subject of this section with the chief deputy rehabilitator, the chief deputy liquidator, other deputy rehabilitators and liquidators, and any other person employed by, or acting on behalf of, the superintendent pursuant to Chapter 3901. or 3903. of the Revised Code, with other local, state, federal, and international regulatory and law enforcement agencies, with local, state, and federal prosecutors, and with the national association of insurance commissioners and its affiliates and subsidiaries provided that the recipient agrees to maintain the confidential or privileged status of the confidential or privileged work paper and has authority to do so.

{¶18} When R.C. 3964.08 is read as a whole, R.C. 3964.08 pertains to captive insurance companies—not just licensed captive insurance companies. *See* R.C.3964.08(A); *see also* R.C. 3964.01(B) (defining "captive insurance company," as used in R.C. Chapter 3964).

{¶19} In this instance, however, as Schupp is not seeking documents referenced in R.C. 3964.08(B), R.C. 3964.08's prohibitions against disclosure are inapposite under his request, and the facts, of this case.

### III. Conclusion

{¶20} For reasons set forth above, the Court modifies the Report and Recommendation, and sustains, in part, ODI's objections.  The Court denies ODI's

Motion to Dismiss. The Court orders ODI to forthwith disclose copies of the six Captive Licenses referenced in the Report and Recommendation *without* redaction of the business names of the licensees. Schupp is entitled to recover from ODI the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Schupp, but Schupp is not entitled to recover attorney fees. Court costs are assessed to ODI. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed November 1, 2021**
**Sent to S.C. Reporter 12/17/21**