[Cite as *State v. Miller*, 2014-Ohio-5685.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101086**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RYAN MILLER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560086-A

**BEFORE:** Celebrezze, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ALSO LISTED**

Ryan J. Miller, pro se
Inmate No. 634-258
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio   45699


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant Ryan Miller appeals from his convictions and sentence following a guilty plea. Appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After conducting an independent review of appellant's case, we affirm the trial court's judgment and grant appointed counsel's motion to withdraw.

## I. Procedural History

{¶2} Appellant was charged in four separate cases. In Cuyahoga C.P. No. CR-12-560086-A, appellant pled guilty to: amended Count 1, murder with notice of prior conviction and repeat violent offender specification; amended Count 3, aggravated robbery; tampering with evidence; and gross sexual abuse of a corpse. In Cuyahoga C.P. No. CR-11-556395-B, appellant pled guilty to one count of drug possession. In Cuyahoga C.P. No. CR-12-559618-B, appellant pled guilty to attempted burglary and five amended counts of burglary. In Cuyahoga C.P. No. CR-12-560355-C, appellant pled guilty to two counts of burglary. The remaining counts in the four cases were nolled. As part of the plea, appellant agreed that sentences were not allied and would not merge for the purposes of sentencing.

{¶3} At the sentencing hearing, the trial court accepted the parties' agreed-upon sentence of 37 years to life. (Tr. 29.) The court ordered appellant to serve 27 years to life in CR-12-560086-A. Further, the court ordered the sentence imposed in this case to run consecutively to a five-year sentence imposed in CR-12-559618-B and a five-year sentence imposed in CR-12-560355-C. The nine-month sentence imposed in CR-11-556395-B was ordered to run concurrently to the sentences imposed in CR-12-560086-A, CR-12-559618-B, and CR-12-560355-C.

**{¶4}** Subsequently, appellant was granted leave to file a delayed appeal, and counsel was appointed. As previously stated, appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders*, indicating that, after a thorough review of the record, proceeding with the appeal would be frivolous. Counsel served appellant with a copy of the motion to withdraw and the *Anders* brief. Appellant has not filed an appellate brief.

## II. Law and Analysis

**{¶5}** In *Anders* cases, we are charged with conducting an independent review of the record to determine

> whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

(Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id*. at ¶ 8.

**{¶6}** In his *Anders* brief, appellate counsel identified two potential assignments of error, including whether appellant's plea was made knowingly, voluntarily, or intelligently; and whether the trial court made the necessary findings to impose consecutive sentences as required under R.C. 2929.14(C)(4).

**{¶7}** Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} In compliance with Crim.R. 11 and prior to accepting appellant's plea, the trial court advised appellant of the nature of the charges, the maximum penalties, the effect of the plea, and the constitutional rights and other rights appellant would be waiving by pleading guilty. At the plea hearing, appellant stated that he understood the rights he was waiving and the offenses to which he was pleading guilty. Therefore, the record reflects that appellant's plea was knowingly, intelligently, and voluntarily made. No meritorious argument exists.

{¶9} Likewise, we find no error in the sentence imposed by the trial court. R.C. 2929.14(C)(4) ordinarily requires certain findings to be made before consecutive sentences can be imposed. However, the Ohio Supreme Court explicitly has held that "[a] sentence imposed upon a defendant is not subject to review under [R.C. 2953.08(D)] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. In addition, the court stated that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* Therefore, not only were findings unnecessary, but the agreed sentence is not subject to appellate review. Any

argument to the contrary lacks arguable merit and would be frivolous. *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5.

### III. Conclusion

{¶10} We have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the record and have found no non-frivolous issues for review. Accordingly, appellate counsel's request to withdraw is granted. Appellant's convictions and sentence are affirmed.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR