[Cite as *State v. Beerman*, 2016-Ohio-772.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 BE 30 |
| VS. | ) | |
| | ) | OPINION |
| JASON MICHAEL BEERMAN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
                               Pleas of Belmont County, Ohio
                               Case No. 15 CR 2

JUDGMENT:                      Affirmed. Motion to Withdraw Sustained.

APPEARANCES:
For Plaintiff-Appellee          Attorney Daniel P. Fry
                                Belmont County Prosecutor
                                Attorney J. Flanigan
                                Assistant Prosecutor
                                Courthouse Annex 1
                                147-A West Main Street
                                St. Clairsville, Ohio 43950

For Defendant-Appellant         Attorney John Jurco
                                P.O. Box 783
                                St. Clairsville, Ohio 43950


JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                Dated: February 29, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Jason Michael Beerman, appeals the April 15, 2015 judgment of the Belmont County Court of Common Pleas convicting him of one count of conspiracy and sentencing him accordingly. Appointed appellate counsel for Beerman has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). For the following reasons we sustain counsel's motion to withdraw and affirm the trial court's judgment.

{¶2} On January 7, 2015, Beerman was indicted on two counts of possession of a deadly weapon while under detention, R.C. 2923.131(B) and (C)(2)(c)(i), third-degree felonies. Beerman was accused of possessing a homemade shank while an inmate in the Belmont Correctional Institution where he was serving a prison sentence for second-degree felonies committed in Hamilton County.

{¶3} Beerman subsequently entered into a Crim.R. 11 plea agreement and agreed to plead guilty to one amended count of conspiracy to possess a deadly weapon while under detention pursuant to R.C. 2923.01(A)(1), a fourth-degree felony under R.C. 2923.01(J)(2), in exchange for dismissal of the second count and for a jointly agreed sentence recommendation of 9 months to be served consecutively to the prison sentence Beerman was already serving.

{¶4} During an April 13, 2015 hearing, the trial court sustained the State's motion to amend count one to conspiracy and to dismiss the second count. The trial court advised Beerman of all the constitutional and nonconstitutional rights he was waiving by entering the plea, and then accepted his guilty plea, finding Beerman's plea was knowing, voluntary and intelligent, and proceeded immediately to sentencing. The trial court's April 15, 2015 judgment entry imposed the agreed sentence of 9 months in prison to be served consecutively to the prison sentence Beerman was serving for the Hamilton County offenses.

{¶5} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate

counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment affirmed. *Id.*

{¶6} Counsel filed a no-merit brief and we granted Beerman 30 days to file a pro-se brief which, to date, he has failed to file. In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. *See, e.g., State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11.

{¶7} A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

{¶8} The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

{¶9} The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond

a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

**{¶10}** The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at 108. In addition to demonstrating the trial court did not substantially comply with Crim.R. 11(C)(2)(a)(b) the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶11}** The trial court's advisement of Beerman's constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and he indicated he understood he was giving up all of the above rights. The trial court also substantially complied with Crim.R. 11(C) when advising Beerman of his nonconstitutional rights. As the trial court's colloquy with Beerman complied with Crim.R. 11(C), the plea was knowingly, voluntarily, and intelligently entered. Accordingly, there are no appealable issues regarding the plea.

**{¶12}** The parties jointly recommended a nine month sentence to be served

consecutively to the prison term Beerman was incarcerated for at the time. A jointly recommended sentence that is authorized by law and that is accepted and imposed by the trial court is not subject to direct appeal. *State v. Reed*, 7th Dist. No. 09 MA 53, 2010–Ohio–1096; R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

**{¶13}** Further, we join our sister districts in holding that where, as here, the parties jointly recommend consecutive sentences, the trial court was not required to make the R.C. 2929.14(C)(4) findings in order to impose consecutive sentences, nor is the sentence subject to appellate review.

**{¶14}** For example, *State v. Weese,* 2d Dist. No. 2013–CA–61, 2014–Ohio–3267, the Second District explained:

> Ordinarily, R.C. 2929.14(C)(4) requires certain findings to be made before consecutive sentences can be imposed. However, the Ohio Supreme Court explicitly has held that "[a] sentence imposed upon a defendant is not subject to review under [R.C. 2953.08(D) ] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Porterfield,* 106 Ohio St.3d 5, 2005–Ohio–3095, 829 N.E.2d 690, ¶ 25. In addition, the court stated that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* Therefore, not only were findings unnecessary, but the agreed sentence is not subject to appellate review. Any argument to the contrary lacks arguable merit and would be frivolous. *Id.*

*Weese at ¶5. Accord State v. Rue,* 9th Dist. No. 27622, 2015-Ohio-4008*; State v. Pulliam*, 4th Dist. No. 14CA3609, 2015-Ohio-759; *State v. Savage*, 12th Dist. No. CA2014-02-002, 2015-Ohio-574; *State v. Jefferson,* 10th Dist. No. 12AP–238, 2014–Ohio–11; and *State v. Miller*, 8th Dist. No. 101086, 2014-Ohio-5685, ¶ 9.[1]

**{¶15}** Finally, the trial court properly notified Beerman that upon his release from prison he would be subject to a discretionary three-year period of post-release control and explained the ramifications of violating post-release control. R.C. 2967.28(C). The 9 month prison sentence Beerman received is within the 6 to 18 month statutory range for the charge. R.C. 2929.14(A)(4).

**{¶16}** In conclusion, because the record contains no apparent errors, counsel is permitted to withdraw and the judgment of the trial court is affirmed.

Donofrio, P. J., concurs

Waite, J., concurs

---

[1] We note that currently pending before the Ohio Supreme Court is the following certified conflict question: "In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.14(C) in order for its sentence to be authorized by law and thus not appealable?" *State v. Sergent*, Case No. 2015-1093. The conflict cases are *Weese*, *supra, Pulliam, supra,* and *State v. Sergent*, 11th Dist No. 2013–L–125, 2015-Ohio-2603 (holding that trial court still required to make findings regarding consecutive sentences under R.C. 2929.14(C)(4) even where the consecutive sentence was jointly recommended).