[Cite as *State v. Johnson*, 2017-Ohio-1148.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO                    :          APPEAL NO. C-160242
                                            TRIAL NO. B-9708745
    Plaintiff-Appellee,       :

 vs.                            :
                                            *O P I N I O N.*
RAYSHAWN JOHNSON,                :

    Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentence Vacated in Part, and
                          Cause Remanded

Date of Judgment Entry on Appeal:  March 29, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro,* for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}   Following remand from the Ohio Supreme Court, the trial court imposed a life-without-parole prison sentence on defendant-appellant Rayshawn Johnson for the aggravated murder of Shanon Marks.  Johnson now challenges that sentence.  The sentence imposed on the aggravated-murder offense itself is not subject to review by this court.  But that portion of the sentence that ordered the life term to be served consecutively to the other felony prison terms was contrary to law where the trial court failed to make the findings mandated by R.C. 2929.14(C)(4).  Therefore, we vacate only that portion of Johnson's sentence and remand the cause for resentencing.

### I.   The Murder of Shanon Marks

{¶2}   In 1997, Johnson attempted to rob Nicole Sroufe.  Johnson was apprehended but later released on bond.  Two months later, Johnson forcibly entered Shannon Marks' home through a back door to look for money.  He was wearing gloves and was armed with a baseball bat.  He took $50 from Marks.  In statements to police, Johnson admitted striking Marks twice in the back of the head with the bat, and hitting her again after she fell to the floor.  He stated that he had heard her cry for help as he left the scene.  An autopsy revealed that Marks had suffered defensive wounds, a broken left forearm, and massive head injuries that caused her death.  *See State v. Johnson*, 88 Ohio St.3d 95, 99-118, 723 N.E.2d 1054 (2000).

{¶3}   The offenses committed against Sroufe and Marks were charged in a single indictment and were tried together.  In June 1998, following a jury verdict of guilty on all charges and specifications, the trial court imposed the death penalty on Johnson for the aggravated murder of Marks.  It also imposed prison terms for the aggravated robbery and aggravated burglary of Marks and for the kidnapping and

robbery of Sroufe. Though the trial court's journal entry did not reflect that it had made any of the statutory findings required to impose consecutive sentences, the court ordered each prison term, and the death sentence, to be served consecutively. The aggregate prison term was 33 years.

{¶4} In 2000, the judgment of conviction, including the sentence of death, and the prison terms for the other felony offenses, was affirmed on direct appeal to the Ohio Supreme Court. *Johnson* at 123.

### II. Resentencing on the Aggravated-Murder Conviction

{¶5} Johnson sought habeas corpus relief in federal court. He was granted relief there on the grounds that he had received ineffective assistance of trial counsel during the mitigation phase of his trial. *See State v. Johnson*, 144 Ohio St.3d 518, 2015-Ohio-4903, 45 N.E.3d 208, ¶ 1. On remand, the state trial court conducted a new mitigation hearing. A new jury again recommended death, and the trial court again imposed that sentence. *Id.* at ¶ 2. Nonetheless, on appeal, the Ohio Supreme Court held that the death sentence was not appropriate. It vacated the sentence of death and remanded the cause to the trial court for resentencing under R.C. 2929.06. *Id.* at ¶ 141. Life without parole eligibility was the most severe sanction that remained to be imposed at resentencing. *See* R.C. 2929.06(A).

{¶6} A new judge presided over the resentencing hearing. The trial court scheduled a report for December 4, 2015. Johnson appeared with his appointed counsel, and stated his desire to proceed directly to sentencing. Johnson addressed the court and stated that he had had 18 years to reflect on his actions. He apologized for "ruining" Marks' life, her family's lives, and his own.

{¶7} Johnson urged the court to impose a sentence of life imprisonment without parole. He declared, "I just ask the Court, like I told my attorney that represented me right here, that, you know, I believe that there is no other option but life in prison without the possibility of parole. Because I have 33 other – 33 more

years facing me, so it wouldn't make a difference. I just ask that you pass sentence on me right now, today." The state indicated that it had spoken with the Marks family and that "obviously, [life without parole is] what we're asking for."

{¶8} The trial court stated that it had reviewed the record and then imposed the jointly recommended, life-without-parole sentence for the aggravated murder of Marks, as alleged in Count One of the amended indictment. The trial court noted only that the sentences for the remaining felony offenses "would remain untouched." It did not address whether it would order the life-without-parole sentence to be served consecutively to the other felony sentences.

{¶9} One month later, the trial court journalized its resentencing judgment entry and imposed the life-without-parole sentence. It also ordered that the life-without-parole, aggravated-murder sentence was to be served consecutively to the 33-year aggregate prison term for the other felony offenses. The entry did not contain any findings to support the consecutive imposition of the life term. Johnson brought this timely appeal.

### III. No Findings to Support the Consecutive Life Term

{¶10} In his first assignment of error, Johnson asserts that the trial court's imposition of sentence was contrary to law under R.C. 2953.08(A). He argues that the trial court erred in imposing a life-without-parole sentence for aggravated murder, and erred in ordering each of the sentences to be served consecutively without making the statutory findings required by R.C. 2929.14(C)(4). We agree, in part.

### a. The aggravated-murder sentence is not reviewable

{¶11} Johnson first challenges the life-without-parole sentence itself. Despite having asked the trial court to impose sentence on December 4, 2015, and having addressed the court about his decision to seek a life-without-parole sentence, Johnson now asserts that the court failed to hold a resentencing hearing, as required

by R.C. 2929.06(A). And despite the Ohio Supreme Court's decision vacating his death sentence having effectively dismissed the aggravating circumstance which triggers the need for additional defense counsel, Johnson now contends that the trial court erred when it appointed only one attorney to represent him in contravention of Appt.Coun.R. 5.02(A)(1).

{¶12} But we do not reach the merits of these arguments because Johnson's sentence for aggravated murder is not subject to review by this court. While there is no constitutional right to the appellate review of a criminal sentence, R.C. 2953.08 confers statutory rights upon a defendant to appeal from some felony sentences. *See State v. Smith*, 80 Ohio St.3d 89, 97, 684 N.E.2d 668 (1997). R.C. 2953.08(A) authorizes a defendant to challenge a sentence that is "contrary to law." But the statute bars that appeal when the sentence to be reviewed, as here, was imposed for the crime of aggravated murder. Specifically, R.C. 2953.08(D)(3) provides, "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under [R.C. 2953.08]."

{¶13} Notwithstanding this clear statutory language, Johnson asserts that we may still review "procedural matters" used to reach the aggravated-murder sentence. *See State v. Hancock*, 12th Dist. Warren Nos. CA2001-12-115, CA2001-12-116 and CA2001-01-004, 2003-Ohio-1616, ¶ 11. Johnson's argument is based on an understanding that R.C. 2953.08 does not provide the "exclusive basis for appealing a sentence. * * * Thus, an appeal of a murder sentence may still be based on traditional grounds for appeal independent of those set forth in R.C. 2953.08." *State v. Steele*, 10th Dist. Franklin No. 00AP-499, 2001 WL 721806, *7 (June 28, 2001); *see Hancock* at ¶ 11 (citing *Steele* with approval).

{¶14} But the Ohio Supreme Court has clearly rejected this rationale. In *State v. Marcum,* it held that R.C. 2953.08 "specifically and comprehensively defines the parameters" of felony-sentencing appellate review. *State v. Marcum*, 146 Ohio

5

St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21 (2016). Here, Johnson has sought review only under R.C. 2953.08(A)(4), and has not identified any other authority governing our review. Thus we apply the "unambiguous" language of R.C. 2953.08(D). *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 17.

{¶15} The language of R.C. 2953.08(D)(3), precluding review of a sentence imposed for aggravated murder, "clearly means what it says: such a sentence cannot be reviewed." *Id. Accord State v. Terrell*, 1st Dist. Hamilton No. C-020194, 2003-Ohio-3044, ¶ 28; *State v. Hawkins*, 4th Dist. Gallia No. 13CA3, 2014-Ohio-1224, ¶ 15; *State v. Hollingsworth*, 143 Ohio App.3d 562, 566, 758 N.E.2d 713 (8th Dist.2001); *State v. Burke*, 2d Dist. Montgomery No. 26812, 2016-Ohio-8185, ¶ 28. Thus this court is without statutory authority to review the sentence imposed for the aggravated murder of Marks, and we decline to consider the merits of Johnson's arguments that it was imposed improperly.

### b. Nothing in R.C. 2953.08(D) precludes review of the consecutive imposition of the life sentence

{¶16} As Johnson next argues, this court does have statutory authority to review whether the trial court erred in ordering the aggravated-murder sentence to be served consecutively to the other felony sentences without making the statutorily mandated findings. While an appellate court may not review the actual sentence imposed for aggravated murder pursuant to R.C. 2953.08(D), nothing in R.C. 2953.08(D) precludes review of whether the trial court complied with the requirements of R.C. 2929.14(C)(4) when ordering that sentence to be served consecutively. *Porterfield* at ¶ 19; *see Terrell* at ¶ 36.

{¶17} Thus the determination of whether to order nonmandatory consecutive sentences is governed by the same statute, R.C. 2929.14(C)(4), both for general felonies and for aggravated murder. *See State v. Broe*, 1st Dist. Hamilton

No. C-020521, 2003-Ohio-3054, ¶ 93. If the trial court exercises its discretion to impose consecutive sentences, it must make the consecutive-sentences findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing and incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23; *see State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 17.

{¶18} We note that although Johnson and the state had jointly recommended the life-without-parole aggravated-murder sentence, there is no indication in the record that they made any recommendation that the life term be imposed consecutively. Thus R.C. 2953.08(D)(1) does not bar our review. *Compare Sergent* at ¶ 30 and 43 (holding that if a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentences findings set out in R.C. 2929.14(C)(4), the sentence is nevertheless authorized by law, and therefore is not appealable).

{¶19} Here, before imposing sentence, the trial court indicated that it had reviewed the facts of the case. It commented on how Johnson had planned the robbery, had bludgeoned Marks, and had disposed of the baseball bat used to kill her. The court agreed with Johnson that these horrific acts, committed to obtain only $50, had ruined many people's lives, including Johnson's. But the trial court did not make any further comments before imposing sentence.

{¶20} As the state concedes, the court failed to make the findings required under R.C. 2929.14(C)(4). *See Bonnell* at ¶ 32. Because the record does not demonstrate that the trial court engaged in the required analysis and made the necessary statutory findings before ordering Johnson's life-without-parole, aggravated-murder sentence to be served consecutively to the 33-year aggregate prison term imposed for the other felony offenses, and include them in its sentencing entry, we "clearly and convincingly find" that that portion of the court's judgment is

contrary to law and must be vacated. R.C. 2953.08(G)(2)(a); *see Bonnell* at ¶ 37; *State v. Simmons*, 2014-Ohio-3695, 19 N.E.3d 517, ¶ 121 (1st Dist.).

{¶21} Johnson further argues that neither the trial court's resentencing entry nor its original 1998 sentencing entry included statutory findings to support the consecutive imposition of the other felony sentences. But we will not vacate any other portion of the trial court's judgment. First, review of those sentences was not included in the Ohio Supreme Court's limited remand to the trial court. *See Johnson*, 144 Ohio St.3d 5128, 2015-Ohio-4903, 45 N.E.3d 208, at ¶ 141. Moreover, the issue of whether the trial court properly imposed consecutive sentences for those offenses could have been raised on direct appeal from the trial court's initial 1998 judgment entry. Yet Johnson did not advance that argument in his direct appeal. *See Johnson*, 88 Ohio St.3d at 125-131, 723 N.E.2d 1054. The doctrine of res judicata bars most sentencing challenges subsequent to the direct appeal including "whether sentences must be served concurrently or consecutively." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8.

{¶22} Thus the first assignment of error is sustained but solely on the basis that the trial court erred in ordering the life-without-parole term to be served consecutively to the other felony prison terms without making the required findings.

### IV. Johnson's Trial Counsel Was Not Ineffective

{¶23} In his second assignment of error, Johnson argues that he was denied the effective assistance of counsel for various claimed deficiencies, including (1) trial counsel's failure to request the appointment of a second trial counsel, (2) his acquiescence in Johnson's stated intention to be sentenced to a life-without-parole sentence, (3) his failure to present evidence in mitigation, and (4) his failure to object to the trial court's imposition of consecutive sentences.

{¶24} To prevail on his claim of ineffective assistance of trial counsel, Johnson must demonstrate that his trial counsel's performance was both deficient

and so prejudicial that he was denied a reliable and fundamentally fair proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *see also Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A reviewing court will not second-guess trial strategy and must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See State v. Mason*, 82 Ohio St.3d 144, 157-158, 694 N.E.2d 932 (1998).

{¶25} In light of the Supreme Court's remand instructions to the trial court removing the death penalty as a resentencing option, we cannot say that trial counsel's performance was deficient for failing to request a second trial attorney. Moreover, there is nothing in this record to indicate that trial counsel's acquiescence in Johnson's recommended sentence, and his failure to argue in mitigation, were so prejudicial that Johnson was denied a reliable and fundamentally fair proceeding. *See State v. Keith*, 79 Ohio St.3d 514, 537, 684 N.E.2d 47 (1997). The record reveals Johnson's genuine remorse for killing Marks and ruining the lives of her family and his own. He told the court that he had had 18 years to reflect on his actions, and sought a life-without-parole sentence. Johnson acknowledged that regardless of the penalty imposed for killing Marks, he also faced the 33-year aggregate prison term for the other felony convictions. In light of these statements, there is no reasonable probability that the sentencing result would have been different had counsel argued in mitigation.

{¶26} Finally, trial counsel was not deficient for failing "to argue the consecutive findings issue" at the resentencing hearing. The trial court gave no indication at the hearing that it was going to order the life-without-parole term to be served consecutively. A specific act or omission by the trial court, constituting legal error, is that prerequisite that gives rise to trial counsel's duty to object and suggest that error to the court. *See State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 14 (1st Dist.), citing

*Pfeifer v. Jones & Laughlin Steel Corp.*, 678 F.2d 453, (3d Cir.1982), fn. 1. Counsel must be diligent but is not required to be clairvoyant. Since the court's sentencing entry was the first indication in this record that the court intended to impose the life term consecutively, trial counsel was not deficient for failing to object at the sentencing hearing. The second assignment of error is overruled.

### V. Conclusion

{¶27} Accordingly, we sustain the first assignment of error solely on the basis that, with respect to the life-without-parole, aggravated-murder sentence, the trial court failed to make the requisite consecutive-sentencing findings and to incorporate those findings into its resentencing entry. We vacate that portion of the trial court's judgment ordering consecutive imposition of the life term, and remand the cause to the trial court for resentencing on that matter alone. *See Simmons*, 2014-Ohio-3695, 19 N.E.3d 517, at ¶ 123. In all other respects, we affirm the trial court's judgment.

Judgment accordingly.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.