# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106504**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GERELLE CROSBY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613397-A

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 20, 2018

[Cite as *State v. Crosby*, 2018-Ohio-3793.]

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
55 Public Square, Suite 2100
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Brian Radigan
            Hannah Smith
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Gerelle Crosby appeals his conviction for aggravated murder under R.C. 2903.01(B) and the resulting sentence of life in prison plus three years on a firearm specification. We affirm.

{¶2} Crosby called his cousin requesting the victim's contact information. Crosby intended to buy drugs from the victim and called to set up a deal. The victim brought a friend along; both of them were carrying firearms. The victim and his friend were driving around the area of East 93rd Street and Quebec Avenue in Cleveland. During that time, Crosby and a second person were texting or calling the victim asking for his whereabouts. According to cell phone records, Crosby and the other person were in the same area while these calls or texts were occurring.

{¶3} The victim and his friend eventually met an unknown person at East 93rd Street and Quebec Avenue, who got into the backseat of the car. The victim showed the person, circumstantially identified as Crosby, the drugs. Crosby called another person, the second number that had been contacting the victim earlier, and Crosby told the victim that the buyer did not want to handle the transaction in the vehicle. The victim followed Crosby from the car and into an alley. Immediately thereafter, the victim's friend heard gunfire and saw the victim trying to run back to the car. Surveillance video from that area shows the victim running from the shooter, who is chasing and shooting at the victim. The victim's friend returned fire, causing the shooter to flee. The victim was mortally wounded.

{¶4} After the murder, Crosby contacted his cousin and told him to keep Crosby's name from the police and that the cousin should not be concerned with anything since he was not at the scene of the murder. Crosby also told family members and his girlfriend that he was present at the murder, but did not shoot the victim. Police officers arrested Crosby, who disclaimed any affiliation with his cousin or the victim, knowledge of the second phone number or the person who had been contacting the victim, and being present at the scene of the murder.

{¶5} The jury found Crosby guilty of aggravated murder under R.C. 2903.01(B) and a three-year firearm specification, amongst several other counts that merged into the aggravated murder for the purposes of the final conviction. The trial court sentenced Crosby to life in prison without the possibility of parole, plus a three-year consecutive prison term on the firearm specification. From this conviction, Crosby appeals, advancing six assignments of error, some of which are interrelated.

{¶6} In the first, third, and fourth assignments of error, Crosby claims that there is no evidence demonstrating his complicity in the aggravated murder. We note that Crosby makes the argument in the first assignment of error that because there is no evidence of complicity, the trial court erred by so instructing the jury and, in addition, in the third assignment of error that because there is no evidence demonstrating accomplice liability, the conviction for aggravated murder is against the weight of the evidence. Although Crosby presented the third assignment of error in terms of the weight of the evidence, he expressly indicated that his arguments only addressed the sufficiency of the

evidence or whether there was any evidence in support of the complicity theory advanced by the state. A claim that a jury verdict is against the weight of the evidence involves a separate and distinct test that is much broader than the test for sufficiency. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193. In light of the fact that Crosby has presented no separate arguments in support of the claim that the conviction is against the weight of the evidence, we will solely address the sufficiency of the evidence as presented. App.R. 16(A)(7); *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 2.

{¶7} Further, as it relates to the complicity instruction, if there is no evidence supporting the state's claim that Crosby was complicit in the aggravated murder, then whether the jury was properly instructed is irrelevant: the conviction must be reversed based on the insufficiency of the evidence. On the other hand, if there is sufficient evidence of his complicity in the commission of the aggravated murder, then the jury instruction was necessarily warranted. In light of the fact that all three of these arguments are based on Crosby's belief that there is insufficient evidence of his being complicit in the aggravated murder, we will address the three assigned errors under the sufficiency of the evidence framework.

{¶8} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶9} Crosby was convicted of aggravated murder under R.C. 2903.01(B), which provides in pertinent part that no person shall purposely cause the death of another while committing or attempting to commit aggravated robbery or robbery. "Under R.C. 2923.03(F), '[a] charge of complicity may be stated in terms of [that] section, or in terms of the principal offense.'" *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 244. As a result, any defendant "'indicted for aggravated murder in terms of the principal offense * * * [is] on notice that evidence could be presented that he was either a principal offender, or an aider and abetter.'" *Id.,* quoting *State v. Ensman*, 77 Ohio App.3d 701, 703, 603 N.E.2d 303 (11th Dist.1991). In Ohio, there is no difference between those convicted of complicity in a crime or as a principal offender. *McKelton* at ¶ 247, quoting *State v. Alexander*, 6th Dist. Wood No. WD-02-047, 2003-Ohio-6969, ¶ 70. Further, the state is not required to prove the identity of the principal offender in order to establish the offense of complicity. *McKelton* at ¶ 247, quoting *In re T.K.*, 109 Ohio St.3d 512, 2006-Ohio-3056, 849 N.E.2d 286, paragraph one of the syllabus.

{¶10} On this point, Crosby contends that there is no direct evidence of his involvement in the aggravated murder of the victim. According to Crosby, the evidence demonstrated only that he facilitated the drug transaction, but he had no knowledge that the unknown principal offender would murder the victim, citing *State v. Shabazz*, 8th

Dist. Cuyahoga No. 100021, 2014-Ohio-1828, ¶ 32. In *Shabazz*, a divided panel reversed a felony murder conviction under R.C. 2903.02(B) because there was no evidence that the defendant knew that the principal offender had a firearm until the fatal shot was fired, citing *Rosemond v. United States*, 572 U.S. 65, 134 S.Ct. 1240,188 L.Ed.2d 248 (2014). *Id.* at ¶ 31-32.

{¶11} *Shabazz* is not applicable to the particular facts of this case because the panel concluded there was no evidence that the defendant aided and abetted the principal in that particular case. *Shabazz* at ¶ 39-40. In this case, there is evidence that Crosby aided and abetted the unknown principal by facilitating the encounter with, and the isolation of, the victim to facilitate the attempted robbery. *Shabazz* is inapplicable. And *Rosemond*, cited as dicta in *Shabazz*, is not relevant to the current inquiry either. *Rosemond* specifically addressed the validity of a jury instruction with respect to violations of 18 U.S.C. 924(c). *Rosemond* is not a sweeping decision setting forth a new rule of constitutional law that can be applied to crimes under state law. *Vazquez-Castro v. United States*, 53 F.Supp.3d 514, 521 (D.P.R.2014); *Cordero v. United States*, 2d Cir. No. 15-530, 2015 U.S. App. LEXIS 23112, 2 (Mar. 19, 2015); *Hughes v. Epps*, 561 Fed.Appx. 350, 354 (5th Cir.2014), fn. 4 (*Rosemond* does not apply to state-law robbery crime); *see also Hicks v. State*, 295 Ga. 268, 273, 759 S.E.2d 509 (2014), fn. 3 (same); *People v. Jordan*, Mich.App. No. 326735, 2016 Mich. App. LEXIS 1833, 3 (Oct. 11, 2016) (*Rosemond* is inapplicable to Michigan state aiding and abetting standards because *Rosemond* is limited to prosecutions for a particular federal statutory offense); *State v.*

*Ward*, 473 S.W.3d 686, 693 (Mo.App.2015) (*Rosemond* is not based on any constitutional requirement and has no application to state criminal laws); *State v. Dull*, 372 Wis.2d 458, 2016 WI App. 88, 888 N.W.2d 247 (same).

**{¶12}** In Ohio, an offender's complicity to commit a crime may be inferred from the circumstances surrounding the crime, and that may include the offender's presence, companionship, and conduct before and after the crime is committed. *State v. Moore*, 7th Dist. Mahoning No. 02 CA 152, 2004-Ohio-2320, ¶ 31, citing *State v. Johnson*, 93 Ohio St.3d 240, 245, 2001-Ohio-1336, 754 N.E.2d 796. Further, circumstantial and direct evidence possess the same probative value. *Id.*, citing *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph one of the syllabus. "A person is guilty of complicity if that person aids or abets another in committing an offense while acting with the kind of culpability required for the commission of an offense." *Moore* at ¶ 26, citing R.C. 2923.03(A)(2).

> "To 'aid' is to assist and to 'abet' is to incite or encourage. Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting the act. * * * [I]n order to aid or abet, whether by words, acts, encouragement, support, or presence, there must be something more than a failure to object unless one is under a legal duty to object.

> "The state may demonstrate that an accused is guilty of aiding and abetting by direct or circumstantial evidence. Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed."

*State v. Mendoza*, 137 Ohio App.3d 336, 342, 2000-Ohio-1689, 738 N.E.2d 822 (3d Dist.), quoting *State v. Stepp*, 117 Ohio App.3d 561, 568-569, 690 N.E.2d 1342 (4th Dist.1997).

{¶13} When Crosby's actions after the murder are considered in conjunction with his action in setting up the drug transaction and leading the victim away from the safety of the vehicle and his friend, the jury could reasonably infer that Crosby never intended to purchase drugs from the victim. The victim's friend testified that the shots were fired immediately after Crosby led the victim into the alley, supporting a reasonable inference that Crosby intended to rob the victim after isolating the victim from his friend and the safety of the vehicle. Crosby set in motion the drug transaction and the isolation of the dealer that enabled the failed robbery attempt. *See, e.g., State v. Alexander*, 8th Dist. Cuyahoga No. 98941, 2013-Ohio-2533, ¶ 16 (setting up a meeting, luring the victim to secluded area, calling or messaging to confirm the meeting, among other factors demonstrating sufficient evidence of a defendant's complicity to commit robbery and felonious assault); *State v. Howard*, 8th Dist. Cuyahoga No. 101359, 2015-Ohio-2854, ¶ 32.

{¶14} Further, after the murder, Crosby took steps to remove himself from his usual places, and he told witnesses to not disclose Crosby's participation in the events leading to the murder. It could be inferred from his actions a consciousness of guilt and that Crosby was not merely trying to buy drugs when a stranger showed up to commit the murder. Crosby also destroyed or disposed of his cell phone that he had been using at

the time of the murder to further conceal his whereabouts, indicating a consciousness of guilt. *See State v. Baskerville*, 2017-Ohio-4050, 91 N.E.3d 340, ¶ 30 (9th Dist.); *State v. Knight*, 10th Dist. Franklin No. 12AP-317, 2013-Ohio-1462, ¶ 30 (within the province of the jury to determine whether defendant's after-the-fact conduct demonstrates consciousness of guilt). The phone records indicated that Crosby was with the unknown individual before the attempted robbery that led to the murder. Crosby admitted his presence during the murder to family members and his significant other, but lied to police officers upon being arrested. And finally, surveillance video depicted the purposeful shooting of the victim, as the victim attempted to evade his attackers. Crosby has not demonstrated that there is insufficient evidence of his complicity in the aggravated murder predicated on an attempted robbery or aggravated robbery. The first, third, and fourth assignments of error are collectively overruled.

{¶15} In the second assignment of error, Crosby claims that the trial court erred by instructing the jury that consciousness of guilt could be inferred if the jury concluded that Crosby fled the scene as defined in Ohio law. According to Crosby, the jury instruction was given improperly and necessarily suggested that Crosby was present and his departure demonstrated some consciousness of guilt. The record does not support Crosby's argument. App.R. 16(A)(7).

{¶16} "The giving of jury instructions is within the sound discretion of the trial court, and we review it for an abuse of discretion." *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 42, citing *State v. Howard*, 8th Dist. Cuyahoga No.

100094, 2014-Ohio-2176, ¶ 35, and *State v. Martens*, 90 Ohio App.3d 338, 629 N.E.2d 462 (3d Dist.1993). Simply leaving the scene of a crime should not be confused with "deliberate flight from the area in which the suspect is normally to be found." *Id.* at ¶ 45, quoting *State v. Santiago*, 8th Dist. Cuyahoga No. 95516, 2011-Ohio-3058, ¶ 30, and *State v. Norwood*, 11th Dist. Lake Nos. 96-L-089 and 96-L-090, 1997 Ohio App. LEXIS 4420 (Sept. 30, 1997). There must be some evidence that the defendant fled a location or he attempted to evade police detection. *Id.*

> **{¶17}** The trial court, in this case, instructed as follows:
>
> Consciousness of guilt. Testimony has been admitted indicating that the defendant fled the scene. You're instructed that the fact that the defendant fled the scene does not raise a presumption of guilt, but it may tend to indicate the defendant's consciousness of guilt. If you find that the facts do not support that the defendant fled the scene, or if you find that some other motive prompted the defendant's conduct, or if you're unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose.
>
> However, if you find that the facts support that the defendant engaged in such conduct and if you decide that the defendant was motivated by a consciousness of guilt, you may, but are not required to, consider that evidence in deciding whether the defendant is guilty of the crimes charged. You alone will determine what weight, if any, to give this evidence.

Thus, the jury was instructed to determine whether Crosby fled the scene of the crime and to determine his motive for that departure. Irrespective of those findings, the jury was free to disregard the consciousness of guilt in determining whether Crosby was guilty of the underlying crimes. The jury instruction in this case follows the pattern instruction. 409 *Ohio Jury Instructions*, CR Section 409.13 (Rev. Aug. 17, 2005). Crosby is not

challenging the form of the instruction, but instead claims that the instruction was not warranted because there is no evidence that he took purposeful and deliberate actions to avoid apprehension from the police. In other words, Crosby is claiming that there is no evidence that he fled as defined in the pattern jury instruction.

{¶18} In light of the form of the instruction, however, we are unable to conclude that the trial court abused its discretion in giving it. The instruction essentially permitted the jury to determine whether Crosby fled the scene, and even if it was determined that he fled the scene motivated by consciousness of guilt, the jury was permitted to disregard that consideration for the purposes of determining guilt on the individual counts. The instruction as given permitted the jury to reach its own conclusion as to whether flight occurred and whether that flight was motivated by consciousness of guilt. *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 50. The second assignment of error is overruled.

{¶19} Finally, in the fifth and sixth assignments of error, Crosby claims the trial court erred by imposing a life sentence without the possibility of parole on the R.C. 2903.01(B) conviction. According to Crosby, the sentence imposed was vindictive or was not supported by the record or was contrary to law under R.C. 2953.08(G). Thus, Crosby sought review of his sentence under R.C. 2953.08 but has not identified any authority governing our review.

{¶20} We cannot review Crosby's sentence. A defendant's right to appeal a sentence is derived from R.C. 2953.08. *State v. Lee*, 8th Dist. Cuyahoga No. 105894,

2018-Ohio-1839, ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. "R.C. 2953.08 "specifically and comprehensively defines the parameters" of felony-sentencing review. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. R.C. 2953.08(D)(3) precludes appellate review of sentences imposed for aggravated murder or murder under sections 2929.02 to 2929.06 of the Revised Code. *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 66 (8th Dist.), citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 19.

**{¶21}** This prohibition applies regardless of whether the trial court imposes the minimum or maximum sentence under the aggravated murder sentencing scheme. In *State v. Jones*, 2d Dist. Clark No. 2012 CA 61, 2013-Ohio-4820, ¶ 24, for example, the defendant attempted to appeal his life sentence without the possibility of parole, imposed after the defendant was found guilty of aggravated murder. The Second District concluded that it was without jurisdiction to review the sentence to determine whether earlier parole eligibility would have sufficed. *Id.* "The Ohio Supreme Court has held that this is unambiguous: a sentence for aggravated murder imposed pursuant to R.C. 2929.02 to 2929.06 cannot be reviewed." *Id.* at ¶ 22, citing *Porterfield*.

**{¶22}** Crosby is attempting to review the evidentiary basis of his life sentence. We lack jurisdiction to review that aspect of the sentence, and Crosby has not presented any discussion or legal analysis supporting our review of his sentence under R.C. 2953.08. App.R. 16(A)(7). Further, as it relates to his claim of vindictive sentencing,

which is premised on due process concerns, Crosby has not provided any authority for the proposition that such an argument may be considered despite R.C. 2953.08(D)(3).

**{¶23}** In *State v. Johnson*, 1st Dist. Hamilton No. C-160242, 2017-Ohio-1148, ¶ 12, for example, the defendant claimed that the appellate court could review procedural errors in the sentencing process irrespective of R.C. 2953.08(D)(3). That argument was rejected. According to *Johnson*, the underpinnings of challenges to the sentencing process rest with an argument that R.C. 2953.08 does not provide the exclusive basis for appealing a sentence and a defendant could appeal a sentence independent of the statutory review. As generally recognized, however, there is no constitutional right to appellate review of sentences. *Id.*, citing *State v. Smith*, 80 Ohio St.3d 89, 97, 1997-Ohio-355, 684 N.E.2d 668, quoting *State ex rel. Bryant v. Akron Metro. Park Dist.*, 281 U.S. 74, 80, 50 S.Ct. 228, 74 L.Ed. 710 (1930). Further, the Ohio Supreme Court rejected the idea that an appellate sentencing review exists outside the scope of R.C. 2953.08. *Id.*, citing *Marcum* at ¶ 21.

**{¶24}** In the absence of arguments or citations to authority in support of our review of the sentences, the fifth and sixth assignments of error are overruled.

**{¶25}** On the basis of the foregoing, the conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.    The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR