[Cite as *State v. Iverson*, 2025-Ohio-372.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                       No. 113920

v.                                      :

JASON IVERSON,                          :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684631-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Edward Borkowski, Jr., *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Jason Iverson ("Iverson"), appeals his sentence of life in prison without the possibility of parole for three counts of aggravated

murder and one count of felonious assault asserting that his sentence is contrary to law and unconstitutional. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 4, 2023, Iverson's mother and his three minor children attended a church event at a park, when Iverson unexpectedly arrived and started an argument with his sister, Mercedes Iverson ("Mercedes"), and her husband, Norbert Carter ("Norbert"). As a result of Iverson's behavior, his entire family walked to the parking lot to leave. Two of his children entered his mother's vehicle, and his 13-year-old son entered Mercedes and Norbert's vehicle. As Mercedes attempted to leave the area, Iverson fired one shot into her vehicle, grazing his son's face and hitting Mercedes in the back of the neck ultimately causing her death and the death of her unborn child.

{¶ 3} Norbert then exited the vehicle, running from Iverson while attempting to call on his cellphone for help. Iverson chased Norton into the park restroom and shot him 12 times, killing him. Iverson then ran from the area. He was apprehended a short distance from the park by officers from the Maple Heights Police Department. Mercedes was 7 months pregnant with a baby girl that was to be named Ava. Much of the incident was captured on video by park surveillance.

{¶ 4} As part of a plea agreement, Iverson pled guilty to three counts of aggravated murder, one count of felonious assault, and one three-year firearm

specification with sentencing left to the discretion of the court.[1]  At the sentencing

hearing, numerous family members gave victim-impact statements detailing the

devastation Iverson's actions had on their lives.  The defense submitted a mitigation

report on Iverson's behalf.  Iverson apologized and asked for forgiveness.  The trial

court sentenced Iverson to 3 years on the firearm specification to be served prior to

and consecutive to life in prison without the possibility of parole on each count of

aggravated murder, and 8-12 years on the felonious assault count.  Each count was

to be served concurrently.  The trial court stated the following:

> Prior to coming on the bench, I did have the opportunity review the entire case file, I have reviewed all of the materials that have been provided to me by defense in mitigation, including the mitigation factors report that they provided.  I reviewed the presentence investigation report as well.  I've heard from the victims' family members, I've heard from you, Mr. Iverson, and I've listened very attentively to everything that you have to say, and I may offer some comment.
>
> But before getting to that, I want to make sure that you understand that prior to today's date, from the time of your plea forward, I have thought about you and the people that have been affected here because they're all affected, each and every one of you.  Yourself included Mr. Iverson.  And as the sentencing day has been looming, as the materials came in to review, I've thought about all of the different possible penalties that this could be to fashion some sentence that is appropriate enough for the amount of damage that has been done.
>
> I've reviewed 2929.11 for the principles and purposes of sentencing, 2929.12 for the seriousness and recidivism factors, and 2929.13 and other Revised code sections for felony sentencings.  I've reviewed each of the factors in the Revised Code.  As I've reviewed the sentencing memorandum and the mitigation provided by the defense, it was clear at that point in time, but it's become very, very pointed here just how

---

[1] Iverson had the option to plead guilty to three counts of murder with a three-year firearm specification and an agreement that he be sentenced to a term of incarceration of life in prison with parole eligibility after serving 48 full years.

specific your actions were that day and just how incredibly harmful your actions were.

You talk about not knowing what came over you that day, but from the fact pattern that's been provided to me, it appears very certain that you were stewing and brooding. I can't imagine being there at your home during a domestic violence scenario on May 26th, [your children] needing to call [their] aunt [Mercedes] to come rescue them from you. A person that should be somebody they can be safe with. It's not simply a cowardly act that you committed that day, but you had become twisted and allowed yourself to become twisted over a period of time.

. . . In my many, many years, decades, I don't remember ever a case like this. It's different than other cases.

. . .

Now, the Court has formulated the following decision based upon the overriding principles and purposes of felony sentencing which are to protect the public from future crime by the defendant or others, to punish the offender using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources.

To achieve these purposes, the Court has considered the need for incapacitation, deterrence, rehabilitation and providing for restitution. And I have considered all of the relevant sentencing guidelines provided in Revised Code Section 2929.11, 2929.12, and 2929.13 as well as 2929.19 and other Revised Code sections for felony sentencing.

Lives were taken and lives were destroyed. You have three separate aggravated murder counts here. For the aggravated murder count, Count Number 1, Mercedes Iverson, there is a three-year firearm specification that is mandatory and must be served consecutively to the underlying aggravated murder charge. The Court is well aware of all the different potential sentences pursuant to the aggravated murder sentencing statute. Each life affected here is as important as others. Each count is as important as others.

For the aggravated murder of Mercedes Iverson, you'll be sentenced to a term of imprisonment of life without parole. Anything less than life without parole would demean the seriousness of these multiple offenses. Within a moment of your life, you forever changed everyone's life that knows you and everyone that you know and everyone that you

ever professed to love because everyone that you loved, loved her [Mercedes]. And I can't imagine what a mother with a child already named, seven and a half months pregnant with her, what thoughts were going through her mind as she lay bleeding out. That is Count Number 1, the aggravated murder charge.

For Count Number 2, aggravated murder wherein you did purposely and with prior calculation and design cause the unlawful termination of Mercedes Iverson's pregnancy, who is named by her and her husband as Ava. The Court sentences you to a term of life without parole.

For Count Number 3, for the aggravated murder of Norbert Carter, the Court sentences you to a term of imprisonment of life without parole.

For Count Number 15, the felonious assault of [your 13-year-old son]. For the felony of the 2nd degree, the Court sentences you to a term of eight years under the Reagan Tokes sentencing scheme which you're well aware of, 50 percent of your indefinite — of that time will be the indefinite period of time, it will be an 8 to 12 years sentence. You're to serve a minimum prison term of eight years with an indefinite prison term of four years on that count for a maximum prison term of 12 years. The total stated prison term for that count is 8 to 12 years.

. . .

The Court is going to order that these sentences run concurrently with each other, sir. I believe sentences themselves are balanced and do not demean the seriousness of these persons.

(Tr. 110-112, 113, 119-123.)

**{¶ 5}** Iverson now appeals and raises one assignment of error for review:

[Iverson's] sentence is contrary to law and unconstitutional.

## II. Law and Analysis

**{¶ 6}** In his sole assignment of error, Iverson makes two arguments. First, he argues that the trial court failed to weigh the relevant statutory factors. The State, however, counters that Iverson's sentence is not reviewable under

R.C. 2953.08(D)(3). We agree. A defendant's statutory right to appeal a sentence is derived from R.C. 2953.08. *State v. Lee*, 2018-Ohio-1839, ¶ 4 (8th Dist.), citing *State v. Underwood*, 2010-Ohio-1, ¶ 10. And R.C. 2953.08(D)(3) specifically precludes appellate review of sentences imposed for aggravated murder or murder under R.C. 2929.02 through 2929.06. *State v. Nitsche*, 2016-Ohio-3170, ¶ 66 (8th Dist.), citing *State v. Porterfield*, 2005-Ohio-3095, ¶ 19.

{¶ 7} Here, Iverson pled guilty to three counts of aggravated murder under R.C. 2903.01(A); therefore, the trial court was required to sentence him to one of the following sentences: (1) life imprisonment without parole; (2) life imprisonment with parole eligibility after 20 years; (3) life imprisonment with parole eligibility after 25 years; or (4) life imprisonment with parole eligibility after 30 years. *See* R.C. 2929.03(A)(1)(a)-(d). The trial court sentenced Iverson to life in prison without the possibility of parole under R.C. 2929.03(A)(1)(a). R.C. 2953.08(D)(3) precludes appellate review of Iverson's sentence, and "[t]his prohibition applies regardless of whether the trial court imposes the minimum or maximum sentence under the aggravated murder sentencing scheme." *State v. Crosby*, 2018-Ohio-3793, ¶ 21 (8th Dist.).

{¶ 8} Turning to Iverson's second argument. Iverson claims that a life sentence violates the United States and Ohio Constitutions' prohibition against cruel and unusual punishment. We disagree.

{¶ 9} While R.C. 2953.08(D)(3) does not permit appellate sentencing review, the Ohio Supreme Court has held R.C. 2953.08(D)(3) does not preclude an

appeal of a sentence for aggravated murder or murder that is based on constitutional grounds. *State v. Patrick*, 2020-Ohio-6803, ¶ 22 (holding that R.C. 2953.02 provides a statutory right to appeal a criminal sentence on constitutional grounds). Iverson bases his second argument on the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and the Ohio Constitution, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eight Amendment to the U.S. Constitution applies to the States by way of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660 (1962).

{¶ 10} Iverson complains that his punishment of life in prison without the possibility of parole is disproportionate to his crimes and thus prohibited by the Eighth Amendment. We disagree.

{¶ 11} Trial courts have the discretion to impose a prison sentence within the statutory range for the offense from which the conviction stems. *State v. Foster*, 2006-Ohio-856. Life imprisonment without the possibility of parole is an option specifically provided as a potential punishment for aggravated murder. R.C. 2929.02; 2929.03. In the present case, Iverson was sentenced within the statutory range, and "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 2008-Ohio-2338, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964) "'It is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading

punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community.'" *State v. Fraley*, 2022-Ohio-3270, ¶ 28 (12th Dist.) quoting *McDougle* at 69; *see State v. Moore*, 2016-Ohio-8288, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367 (1910) ("A key component of the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'").

{¶ 12} Upon review of the record, we find Iverson's sentence is neither excessive nor disproportionate and does not violate the constitutional prohibitions against cruel and unusual punishment.  Iverson murdered three family members — his sister, his brother-in-law, and his unborn niece.  In addition, Iverson shot his son in the face.  As the trial court stated:  "Lives were taken, and lives were destroyed.  You have three separate aggravated murder counts here. . . .  Each life affected here is as important as others.  Each count is as important as others."  (Tr. 120.)  Based on the foregoing, we find that Iverson's sentence is constitutional.

{¶ 13} Accordingly, Iverson's sole assignment of error is overruled.

{¶ 14} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The appellant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR